The opinion of the court was delivered by
TirghmaN, C. J.
This is an action brought by The Bank of Montgomery county against Thomas Walker, on a promissory note made by him payable to Walker and George, (Enoch Walker and Thomas George,) by whom it was endorsed to the plaintiffs, who discounted it and paid- the money to Walker and George. The note was drawn by the defendants for the accommodation of *383 Walker and George, which was known to the directors of the bank, when they discounted it. Credit was afterwards given to Walker and George, without consulting the defendant, for about a twelvemonth, on their paying the discount .from time to time, in the sanie manner as if the note had been renewed. On the trial of the cause in the Court of Common Pleas of Chester county, the defendants contended that he was discharged, in consequence of time being given to Walker and George, he being only a surety, and having received no notice of this indulgence. But the judge instructed the jury, that the defendant was not discharged, and. thereupon his counsel excepted to their opinion. As this cause was before us on a writ of error heretofore, when the law was fully considered and an opinion delivered at large, it is not deemed proper to go over the same ground again. The only difference between the case as it then stood, and now stands before us, is, that it did not appear then, but does now, that when the note was discounted by the plaintiffs, they knew that it was for the accommodation of Walker and George. But we are of opinion that this difference is unimportant. We assume this broad principle, that the man who draws a promissory note for the purpose of negotiation, must stand to it. He has placed himself in the situation of principal, and shall not afterwards escape, by alleging that he was but a surety. Although the plaintiffs knew that the defendant received no value from Walker and George, the payees, yet they knew also that it was his choice to serve his friends, by placing himself in the front of a negotiable instrument, and they had a right to suppose, that he was willing to abide the consequences. They were therefore under no obligation to give him notice of the non-payment of a note, of which he himself was to be the payer, nor of any indulgence which they might think proper to give his friends, the endorsers. It was his business to make inquiry into these things. He knew that he had not paid the note himself, and if he wanted to know whether the endorsers had paid it, or received indulgence from the bank, he should have sought for information. If, in answer to his inquiries, the plaintiffs had deceived him as to the state of the business, that might have been a ground of discharge. We think it safest for the mercantile world, in general, as well as for the parties immediately interested in accommodation paper, to lay down the law on these principles, which are warranted by the best authorities. For the rest, we refer to the opinion delivered in this case before, where those authorities are all cited and considered. It is the opinion of the court, that the judgment should be affirmed.
Judgment affirmed.